# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| HC SITE CONSTRUCTION, INC. | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Catlin Specialty Insurance Company ("Catlin") by and through its attorneys, Kennedys CMK LLP, hereby brings this Complaint for Declaratory Judgment against Defendant HC Site Construction, Inc. ("HC Site").

## THE PARTIES

1. Catlin is incorporated, organized and existing under the laws of the State of Delaware and its principal place of business is located in the State of Connecticut.

2. Upon information and belief, HC Site is corporation incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business located in the Commonwealth of Pennsylvania, at 1312 Red Oak Drive, Chalfont, Pennsylvania 18914.

## JURISDICTION AND VENUE

3. This action arises from a construction site accident that occurred on December 21, 2018 at a property located at 1728 Ridge Avenue, Philadelphia, Pennsylvania (the "1728 Ridge Property"), at which HC Site allegedly was performing demolition work, and a property located at

1730 Ridge Avenue, Philadelphia, Pennsylvania (the "1730 Ridge Property"), at which Ronan Teixeira ("Teixeira") was performing construction work (hereinafter the "Incident").

4. This Court has personal jurisdiction over HC Site because it is a Pennsylvania corporation, is located in and regularly conducts business in Pennsylvania and because it engaged in activities in Pennsylvania that give rise to this action.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this insurance coverage dispute occurred in this judicial district.

## THE POLICY

7. Catlin seeks a declaratory judgment concerning its rights and obligations under a commercial general liability insurance policy issued to HC Site in connection with claims asserted in a personal injury lawsuit against HC Site.

8. HC Site is the named insured on a Catlin commercial general liability insurance policy bearing number 3700601140, with a policy period of June 5, 2018 to June 5, 2019 (the "Catlin Policy"). The Catlin Policy is attached as Exhibit A.

9. The Catlin Policy provides defense and indemnity coverage, with a limit of liability of $1,000,000 per occurrence, subject to its terms, conditions and exclusions, for claims seeking damages because of "bodily injury" caused by an "occurrence" pursuant to the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1.**   **Insuring Agreement**

      a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" TO WHICH THIS INSURANCE APPLIES.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

                      \*        \*        \*

      b.   This insurance applies to "bodily injury" and "property damage" only if:

          (1)   The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (2)   The "bodily injury" and "property damage" occurs during the policy period;

(Ex. A, Catlin Policy).

   10.   The Catlin Policy contains a Demolition Exclusion, which states as follows:

**DEMOLITION EXCLUSION**

This endorsement modifies insurance provided under the following:

SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; COVERAGE C MEDICAL PAYMENTS, 2. Exclusions are amended and the following added:

This insurance does not apply to:

   "Bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of the following operations:

3

  A. wrecking or demolition of any building where distance to adjacent structures less than height of the structure being demolished;

(Ex. A, Catlin Policy).

## THE UNDERLYING LAWSUIT

11. The underlying lawsuit arises out of injuries sustained by Teixeira while performing underpinning work at the 1730 Ridge Property.

12. On January 14, 2020, Teixeira filed a complaint in the Philadelphia County Court of Common Pleas captioned *Ronan Teixeira v. Tester Construction Group LLC, et at.*, October Term 2019, Number: 003411 (the "Underlying Lawsuit"). The Complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached as Exhibit B.

13. In the Underlying Complaint, Teixeira alleges that on December 21, 2018, he was working at a construction project located at the 1730 Ridge Property when the building located at the 1728 Ridge Property collapsed onto the 1730 Ridge Property and onto Teixeira, burying him in rubble. (Ex. B, Underlying Complaint, at ¶¶ 44-45.)

14. Teixeira alleges that at the time of the Incident, he was performing underpinning work as a part of the excavation of the 1730 Ridge Property in order to construct a new building at the 1730 Ridge Property. (Ex. B, Underlying Complaint, at ¶¶ 46, 48, 52.)

15. The 1728 Ridge Property and the 1730 Ridge Property are adjoining properties. (Ex. B, Underlying Complaint, at ¶59-60.)

16. Teixeira alleges that HC Site was hired to demolish the existing structure at the 1728 Ridge Property and to construct a new residential structure, and that HC Site engaged in the demolition of said building. (Ex. B, Underlying Complaint, at ¶¶ 88, 156-158.)

17. Teixeira alleges that HC Site obtained demolition and construction permits and demolition plans for the demolition of the building at the 1728 Ridge Property. (Ex. B, Underlying Complaint, at ¶¶ 89, 90, 159, 160.)

18. Teixeira alleges that the demolition of the building at the 1728 Ridge Property was scheduled to begin on January 3, 2019, but that HC Site began demolition of the building prior to the scheduled start date. (Ex. B, Underlying Complaint, at ¶¶ 91, 92, 161, 162.)

19. Teixeira alleges that as part of the demolition of the building at the 1728 Ridge Property, HC Site removed wooden structural joists from the building and left the walls free standing, unsupported, and structurally unstable, causing the walls to be in imminent danger of collapse and a risk to cause injury. (Ex. B, Underlying Complaint, at ¶¶ 95-98.)

20. Teixeira alleges that HC Site's removal of the wooden structural joists from the building at the 1728 Ridge Property caused a free standing wall to collapse onto the 1730 Ridge Property while Teixeira was performing work there. (Ex. B, Underlying Complaint, at ¶¶ 86, 99.)

21. Teixeira alleges that HC Site was responsible for performing the demolition of the building at the 1728 Ridge Property in a safe manner and to ensure that it would not become structurally unstable such that it was susceptible to collapse. (Ex. B, Underlying Complaint, at ¶¶ 163-164.)

22. Teixeira alleges that HC Site "supervised the demolition" of the building at the 1728 Ridge Property and "helped formulate and implement the method, sequence, and scope of the demolition." (Ex. B, Underlying Complaint, at ¶ 179.)

23. Teixeira alleges that he suffered bodily injuries as a direct and proximate result of the negligent, careless, grossly negligent, and/or reckless conduct of HC Site in the demolition of the structure at the 1728 Ridge Property. (Ex. B, Underlying Complaint, at ¶ 108.)

24. Teixeira alleges that HC Site and all defendants are jointly and severally liable for the injuries and damages suffered, including those injuries and damages due to HC Site's negligence, carelessness, gross negligence, and/or recklessness, which include but are not limited to:

    b. Failing to ensure that an adequate demolition plan was created and followed;

*   *   *

    f. Failing to ensure that safe demolition practices were employed on site;

*   *   *

    i. Failing to demolish the building in accordance with proper and necessary demolition practices;

*   *   *

    j. Failing to keep adjacent properties safe from the risk of collapse;

*   *   *

    n. Failing to inspect sufficiently the demolition being performed to ensure it was being performed safely;

*   *   *

    q. Failing to warn those performing work on the [1730 Ridge Property] of the dangerous condition of the building on the [1728 Ridge Property];

    r. Failing to follow the demolition plan;

(Ex. B, Underlying Complaint, at ¶¶ 103, 181, 182.)

### HC SITE'S REQUEST FOR COVERAGE UNDER THE CATLIN POLICY

25. HC Site notified Catlin of the Underlying Lawsuit and requested that Catlin provide coverage under the Catlin Policy.

26. Catlin is providing a defense to HC Site in the Underlying Lawsuit under a reservation of rights.

27. Catlin's reservation of rights includes a reservation of the right to deny both defense and indemnity coverage to HC Site if it is established that coverage for the Underlying Lawsuit is excluded by the Catlin Policy's Demolition Exclusion.

28. Catlin's reservation of rights also includes a reservation of the right to file a declaratory judgment action and pursue a judicial declaration that the Catlin Policy's Demolition Exclusions applies to the claim asserted in the Underlying Lawsuit, thereby establishing that Catlin has no duty to defend or indemnify HC Site in connection with the Underlying Lawsuit.

29. Catlin's reservation of rights includes a reservation of the right to withdraw from defending HC Site in the event that it is established that the Catlin Policy does not provide coverage for the claims asserted against HC Site in the Underlying Lawsuit.

30. Teixeira alleges that he suffered bodily injuries because of HC Site's acts or omissions in demolishing the building located at the 1728 Ridge Property. (Ex. B, Underlying Complaint.)

31. The height of the building at the 1728 Ridge Property being demolished by HC Site was a three story building that was approximately 37 feet in height. The Report of Jody F. DeMarco, P.E. ("DeMarco Report") is attached as Exhibit 3. (Ex. C, DeMarco Report, at pp. 4-5.)

32. The building being demolished at the 1728 Ridge Property was immediately abutting and adjoining the adjacent structure located at 1726 Ridge Avenue. Therefore, there was no distance between the building being demolished at the 1728 Ridge Property and the structure located at 1726 Ridge Avenue. (Ex. C, DeMarco Report, at pp. 4-5.)

33. The lot of the 1730 Ridge Property, which spanned the distance between the structure being demolished at the 1728 Ridge Property and the adjacent structure at 1732 Ridge Avenue, was 18.62 feet in width. (Ex. C, DeMarco Report, at pp. 4-5.)

34. Therefore, the distance between the building being demolished at the 1728 Ridge Property and the adjacent structure at 1732 Ridge Avenue, which was 18.62 feet, was less than the height of the building being demolished, which was approximately 37 feet. (Ex. C, DeMarco Report, at p. 4.)

35. Because the height of the building located at the 1728 Ridge Property was greater than the distance between it and the adjacent structures, the Catlin Policy's Demolition Exclusion applies to bar defense and indemnity coverage to HC Site for all claims asserted in the Underlying Lawsuit.

36. Catlin has no duty to defend or indemnify HC Site for the claims asserted against it in the Underlying Lawsuit.

37. The matter presents a real and actual controversy that is ripe for judicial determination. A declaratory judgment is an appropriate remedy because the determination sought will resolve the controversy between the parties.

## COUNT I
## DECLARATORY JUDGMENT – 28 U.S.C. §2201

38. Paragraphs 1 through 37 above are incorporated herein by reference.

39. The Catlin Policy's Demolition Exclusion excludes coverage for "bodily injury" arising out of "wrecking or demolition of any building where distance to adjacent structures [is] less than height of the structure being demolished." (Ex. A, Catlin Policy.)

40. The claims asserted against HC Site in the Underlying Lawsuit seek damages for bodily injury to Teixeira that arises out of the demolition of the building at the 1728 Ridge Property.

41. The Catlin Policy does not provide coverage for the claims asserted against HC Site in the Underlying Lawsuit because the Demolition Exclusion applies to exclude the claims from coverage.

42. Catlin will have no duty to indemnify HC Site for the claims asserted against HC Site in the Underlying Lawsuit.

43. Catlin has no further duty to defend HC Site against the claims asserted against HC Site in the Underlying Lawsuit and no further obligation to pay attorneys' fees and other costs related to defending HC Site in the Underlying Lawsuit.

44. Because Catlin has no duty to defend or indemnify HC Site in the Underlying Lawsuit, Catlin may withdraw from providing a defense to HC Site in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Catlin Specialty Insurance Company respectfully requests that the Court enter judgment in its favor and against Defendant HC Site Construction, Inc. declaring that:

(a) Catlin will have no duty to indemnify HC Site for the claims asserted against it in the Underlying Lawsuit;

(b) Catlin has no duty to defend HC Site against the claims asserted against it in the Underlying Lawsuit;

(c) Catlin may withdraw from defending HC Site in the Underlying Lawsuit; and

(d) Catlin has no further obligation to pay attorneys' fees or other costs related to defending HC Site in the Underlying Lawsuit.

Dated:  April 2, 2020   Respectfully submitted,

                                               **KENNEDYS CMK LLP**

By:  */s/ Louis H. Kozloff, Esquire*
      Louis H. Kozloff, Esquire
      ID: 82368
      Thomas J. Seery, Esquire
      ID: 318954
      1600 Market Street, Suite 1410
      Philadelphia, PA 19103
      (267) 479-6700
      (215) 665-8475 (Fax)

      Attorneys for Plaintiff
      Catlin Specialty Insurance Company